Nash, J.
 

 The bill sets forth that the land claimed by the plaintiff, and for the re-conveyance of which it is filed, is the land sold under Banks’ execution. There is then no question as, to the identity of the land. The only ground, upon which the.plaintiffs seek a re-conveyance, is the fraud, it is alleged, perpetrated by Shannonhouse in forbidding the sale, at which he purchased. To this allegation of fraud the defendants reply, that the land, at the time of that sale, did actually belong to Thomas L. Shannonhouse and the exhibits prove it. ' The title being in him, he could perpetrate no fraud upon the plaintiffs by forbidding the sale and afterwards purchasing himself. The plaintiffs do not allege in their bill any fraud in the first sale, or that Thomas L. Shannonhouse held under any trust for their father Anthony Markham. That sale they do not impeach any farther than to allege, that Thomas L. Shannonhouse forbid the sale under a pretended title. GThe defendants have shown a title in their father, upon its face good and perfect. Under a different form of the bill, the facts alleged might become important. In the present case they are not. Thomas L. Shannonhouse had a right to forbid the sale of his own land and then to purchase, if he chose. In so doing he did no injury to the complainants, and committed no fraud upon them.
 

 Per Curiam.
 

 Bill dismissed with costs.